Christopher J. Hamner, Esq. (SBN 197117)
**HAMNER LAW OFFICES, APLC**
26565 West Agoura Road, Suite 200-197
Calabasas, California 91302
Telephone: (888) 416-6654
chamner@hamnerlaw.com

Attorneys for Plaintiff, Noel Largaesparda and the proposed class

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOEL LARGAESPARDA, an individual California resident, on behalf of himself individually and the proposed class,<br><br>Plaintiff<br><br>v.<br><br>DOCTORS ON DEMAND, INC. a California corporation, and DOES 1-100, inclusive,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>1. **INTENTIONAL MISCLASSIFICATION**<br>2. **VIOLATION OF THE FAIR LABOR STANDARDS ACT (FLSA 29 USC § 201,** *et seq.***)**<br>3. **FAILURE TO PAY OVERTIME WAGES (CAL. LABOR CODE §510)**<br>4. **FAILURE TO PAY MINIMUM WAGES**<br>5. **FAILURE TO PROVIDE REST BREAKS**<br>6. **FAILURE TO PROVIDE MEAL PERIODS OR COMPENSATION IN LIEU THEREOF**<br>7. **WAGE STATEMENT VIOLATIONS**<br>8. **FAILURE TO PAY WAGES OF TERMINATED OR RESIGNED EMPLOYEES**<br>9. **UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §§ 17200-17208)**<br>10. **INJUNCTION**<br><br>**DEMAND FOR JURY TRIAL** |

1

Plaintiff Noel Largaesparda, (hereinafter "Plaintiff") on behalf of himself brings the following causes of action against Defendant.

## I.     THE PARTIES

**A.     The Plaintiff**

1.     Plaintiff Noel Largaesparda is a resident of San Francisco, California. At all relevant times herein, Plaintiff was employed by Defendant as an IT professional.

**B.     The Defendant**

2.     Defendant, Doctor on Demand, Inc. (herein after "Doctor on Demand"), is a California corporation that owns and operates, and does business in California.  Defendant has offices and regularly and systematically does business in Los Angeles County.

3.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendant sued here in as DOES 1 through 10, inclusive, are currently unknown to plaintiff, who therefore sues Defendant by such fictitious names under Code of Civil Procedure section 474.  Plaintiff is informed and believes, and based thereon alleges, that Defendant designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the Defendant designated hereinafter as DOES when such identities become known.

## II.     GENERAL ALLEGATIONS

4.     Plaintiff worked as an IT professional for Defendant from approximately November 12, 2019 to February 14, 2020.

5.     Plaintiff alleges during this time, he worked an extremely heavy schedule performing routine IT work for Defendant.  Plaintiff alleges he and the

proposed class regularly worked approximately 7.5 hours of overtime per day.

6.     Plaintiff alleges he and the proposed class were misclassified as exempt by Defendant.

7.     Plaintiff alleges he and the proposed class did not possess the requisite discretion to be classified as exempt from overtime.

8.     Plaintiff alleges Defendant failed to pay him and the proposed class overtime pay, instead paying him only salary and no overtime.

9.     IT professionals such as Plaintiff and the proposed class cannot be classified as exempt and must be paid overtime for every hour worked in excess of 8 hours per day or 40 hours per week.  The intentional misclassification of Plaintiff and the proposed class violated California Labor Code section 226.8, 510 and1194, California Code of Regulations Title 8 Section 11160(3), and California Wage Commission Wage Order 4-2001.

10.     Plaintiff alleges he and the proposed class were not provided with the opportunity to take legal meal and rest breaks.  Plaintiff alleges Defendant's IT team was especially busy on Tuesdays and Thursdays, resulting in missed rest and meal breaks, and excessive overtime.

11.     Plaintiff alleges that he and the proposed class were intentionally misclassified by Defendant in violation of Labor Code section 226.8.

12.     Plaintiff alleges he and the proposed class were entitled to regular pay, plus overtime pay for each overtime hour worked traveling to, from, and working with Defendant's clients.

13.     Plaintiff reported directly to his supervisor for all work instructions. Plaintiff's supervisor oversaw, directed, and supervised the team, composed of employees who were each misclassified, including Plaintiff.

14.     Plaintiff alleges he and the proposed class were not subject to an exemption for executive, administrative, and professional employees, or any other

managerial exemption under federal and California law.

15.     Plaintiff alleges Defendant's pay policies as alleged herein resulted in a failure to pay all wages due for compensable work or work time wherein Plaintiff and the proposed class remained subject to their employer's control.  This policy and practice therefore violated California Labor Code section 200-202, Labor Code section 1194, and California Industrial Wage Commission (IWC) Wage Order 4-2001.

16.     As result of the Defendant's pay policies, Defendant failed to provide accurate, itemized wage statements to Plaintiff and the proposed class as required by Labor Code section 226.

17.     Plaintiff alleges Defendant failed to pay all wages owed Plaintiff as required by Labor Code section 203.  This claim results from Defendant's failure to pay premium wages for missed, late, interrupted or short break periods under Labor Code section 226.7, and corresponding IWC Wage Order 4-2001.

### III.    CLASS DEFINITION AND ALLEGATION

18.     Plaintiff seeks to represent the following class pursuant to Federal Rule of Civil Procedure Rule 23:

**All persons who have worked for Defendant as an IT worker, or similar position, in the United States in the last four years.**

### IV.    CLASS ALLEGATIONS

19.     *Numerosity.* The members of the proposed class are so numerous that their individual joinder is impracticable. Plaintiffs are informed and believe, and on that basis allege, that the proposed class contains hundreds of thousands of members. The precise number of proposed class members is unknown to Plaintiffs.  The true number of the proposed class is known by the Defendant, however, and thus, may be notified of the pendency of this action by first class

LARGAESPARDA v. DOCTOR ON DEMAND, INC. - COMPLAINT

mail, electronic mail, and by published notice.

20.     ***Existence and Predominance of Common Questions of Law and Fact.*** Common questions of law and fact exist as to all members of the proposed class and predominate over any questions affecting only individual proposed class members. These common legal and factual questions regarding, among other things, whether Plaintiff and the class they seek to represent were/ are misclassified and are in fact non-exempt hourly sales people, whether the outside sales exception applies here, and whether and how much Defendant owe Plaintiffs and the proposed class in unpaid wages, fees, costs, and other damages and/or penalties, and also involve the following class questions:

(a)   what were and are the policies, programs, practices, procedures and protocols of Defendant regarding Plaintiff and the proposed class members' actual work and tasks and their job duties irrespective of job titles;

(b)   whether Defendant is and was subject to overtime requirements contained in the California IWC Wage Orders and other California law with respect to Plaintiffs and the proposed class pursuant to Labor Code section 510, and Wage Order No. 4-2001 for the period commencing four years prior to the date of the filing of this Complaint and continuing through the date of judgment.

(c)   whether Defendant's policy and practice of classifying Plaintiffs and the proposed class as exempt from overtime entitlement under California law and Defendant's policy and practice of failing to pay overtime to the proposed class  violates applicable provisions of California law, including applicable statutory and regulatory authority;

(d)   whether Defendant unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, et seq., and the California Labor Code and related regulations, Cal Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, the applicable Cal. Wage Orders;

(e)   whether Defendant violated California law by their policies, programs, practices, procedures and protocols regarding rest periods for Plaintiffs and the proposed class;

(f)   what were and are the policies, programs, procedures and protocols of Defendant regarding furnishing Plaintiff and the proposed class, upon payment of wages, itemized statements required by Labor Code § 226.

(g)   whether Defendant violated Business & Professions Code sections 17200 et seq., by their policies, programs, practices, procedures and conduct referred to in this cause of action;

(h)   whether Plaintiff and the proposed class are entitled to injunctive relief.

21.   ***Typicality.*** Plaintiff's claims are typical of the claims of the proposed class.

22.   ***Adequacy of Representation.*** Plaintiff will fairly and adequately protect the interests of the members of the proposed class.  Plaintiffs have retained counsel experienced in complex consumer class action litigation.  Plaintiffs intend to prosecute this action vigorously. Plaintiffs have no adverse or antagonistic interests to those of the proposed class.

23.   ***Superiority.*** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual proposed class members is relatively

LARGAESPARDA v. DOCTOR ON DEMAND, INC. - COMPLAINT

small compared to the burden and expense that would be entailed by individual litigation of their claims against the defendant.  It would thus be virtually impossible for the class, on an individual basis, to obtain effective redress for the wrongs done to them.  Furthermore, even if proposed class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances here.

## IV. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Intentional Misclassification (Labor Code § 226.8)

24.    Plaintiff re alleges and incorporates by this reference each of the foregoing paragraphs as if set forth herein.

25.    Labor Code § 226.8 makes it unlawful to willfully misclassify employees as independent contractors.  California employers cannot voluntarily and knowingly misclassify an individual as an independent contractor.

26.    Defendant misclassification of its IT workers as independent contractors is not "well reasoned" or done in good faith.  Plaintiff alleges misclassification constitutes a pattern and practice of violating the law.

LARGAESPARDA v. DOCTOR ON DEMAND, INC. - COMPLAINT

27.     Plaintiff requests relief as described in the Prayer alleged supra

herein.

### SECOND CAUSE OF ACTION

**Violation of the Fair Labor Standards Act**
**("FLSA,"29 U.S.C .§ 201, et seq.)**

28.     Plaintiff re-alleges and incorporates by this reference each of the

foregoing paragraphs as if fully set forth herein.

29.     Plaintiff worked for Defendant without receiving the minimum wage

for all hours worked, under 29 U.S.C. § 206(a). That Section provides the

following: "Every employer shall pay to each of his employees who in any

workweek is engaged in commerce or in the production of goods for commerce, or

is employed in an enterprise engaged in commerce or in the production of goods

for commerce, wages at the [minimum wage]."

30.     Plaintiff alleges Defendant required Plaintiff, as part of her

employment, to work without additional compensation, such as overtime pay in

excess of the forty hours per week maximum under 29 U.S.C. § 207(a)(1).  That

Section provides the following: "Except as otherwise provided in this section, no

employer shall employ any of his employees for a workweek longer than forty

hours unless such employee receives compensation for his employment in excess

of the hours above specified at a rate which is not less than one and one-half times

the regular rate at which he is employed."

31.      Plaintiff alleges Defendant required Plaintiff, as part of her

employment, to work without compensation for all hours worked, to work beyond

forty hours per week without the payment of overtime compensation therefore

and/or to work at a wage less than the minimum wage, pursuant to, inter alia, 29

U.S.C. §§ 206 and 207(a)(1).

LARGAESPARDA v. DOCTOR ON DEMAND, INC. - COMPLAINT

32.     Plaintiff's FLSA claims are brought not only for alleged overtime violations, but also for alleged off-the-clock and minimum wage violations as well. Indeed, in the performance of his duties for Defendant, Plaintiff often did work over forty hours per week, yet did not receive straight or overtime compensation for the work, labor and services they provided to Defendant, as required by the FLSA. The precise number of unpaid overtime hours will be proven at trial.

33.     Defendant's violations of the FLSA were willful and are ongoing. As a result of the foregoing, Plaintiff seeks judgment against Defendant for unpaid wages, including overtime wages owed by Defendant pursuant to 29 U.S.C. §§ 206 and 207, together with an award of an additional equal amount as liquidated damages, and costs, interests, and reasonable attorneys' fees, pursuant to, inter alia, 29 U.S.C. § 216(b).

### THIRD CAUSE OF ACTION

### Failure to Pay Overtime Wages
### (Labor Code §§ 510, 1194, 1198, and 1199, IWC Wage Orders, and Related Violations)

34.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if set forth herein.

35.     Defendant illegally failed to pay overtime wages, and in so doing, Defendant willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Orders, and California Code of regulations, Title 8, section 11160(3).

36.     California law requires employers to pay overtime compensation to

9

all non-exempt employees for all hours worked over eight in a day or forty per week for overtime and over twelve in a day for double-time.

37.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff has sustained damages, including loss of compensation for overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorney's fees, pursuant to statute and other applicable law.

38.     Plaintiff alleges Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION

### Failure to Pay Minimum Wage, Labor Code §§ 1194, 1197 and 1197.1
### (Unpaid Minimum Wages)

39.      Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if set forth herein.

40.     Defendant illegally failed to pay wages and/ or overtime wages, and in so doing, Defendant willfully violated the provisions of Labor Code sections 510, 1194, 1198, 1199, IWC Wage Order and California Code of regulations, Title 8, section 11160(3).

41.     Plaintiff seeks all actual, consequential and incidental losses and damages, according to proof, and also, penalties of $100.00 for the initial failure to timely pay minimum wages and $250.00 for each subsequent failure to pay minimum wages pursuant to California Labor Code section 1197.1, liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon pursuant to California Labor Code section 1194.2 and all unpaid wages and civil

LARGAESPARDA v. DOCTOR ON DEMAND, INC. - COMPLAINT

penalties pursuant to California Labor Code section 2699(g) and (g) and 558 in an amount of one hundred dollars ($100) for each violation per pay period for the initial violation and two hundred dollars ($200) per pay period for each subsequent violation, plus costs and attorneys' fees for violation of California Labor Code section 1198.

## FIFTH CAUSE OF ACTION

### Failure to Provide Rest Breaks
### (Labor Code § 226.7, 512; IWC Order 5; Cal. Code Regs., Title 8 § 11050)

32. Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

33. By failing to provide rest periods every four (4) hours or major fraction thereof worked per workday by non-exempt employees and failing to provide one (1) hour's pay in lieu thereof, as alleged above and herein, Defendant willfully violated the provisions of Labor Code section 226.7 and IWC Wage Orders at section 12.

42. By failing to keep adequate time records as required by sections 226 and 1174(d) of the Labor Code and IWC Wage Order at section (7), Defendant have injured Plaintiff and made it difficult to calculate the unpaid rest and meal period compensation due Plaintiff. On information and belief, Plaintiff alleges Defendant's failure to maintain accurate records was willful.

43. As a result of the unlawful acts of Defendant, Plaintiff has been

LARGAESPARDA v. DOCTOR ON DEMAND, INC. - COMPLAINT

deprived of premium wages in amounts to be determined at trial, and are entitled to an accounting and recovery of such amounts, plus interest and penalties thereon, attorneys fees and costs, under Labor Code sections 201,202, 203, 218.5, 226, 226.7, 1194 and 1199, and the applicable IWC Wage Orders.

44.     Plaintiff alleges Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### Failure to Provide Meal Periods
### (Labor Code § 226.7 and 512)

45.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

46.     Throughout the period applicable to this cause of action, California law, as set forth in relevant part by the Industrial Welfare Commission Wage Orders at section (11), provided as follows:

> i.  No employer shall employ any person for a work period or more than five (5) hours without a meal period of not less than 30 minutes…
>
> ii. If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at

LARGAESPARDA v. DOCTOR ON DEMAND, INC. - COMPLAINT

the employee's regular rate of compensation for each work

day that the meal period is not provided.

47.    Similarly, Labor Code § 226.7 requires payment of one (1) hour of

pay in lieu of meal periods not provided by the employer.  Throughout the period

applicable to this cause of action, Defendant failed to consistently allow and

provide the meal periods required by California law.  Therefore Plaintiff is

entitled to compensation as stated above, plus interest, attorneys fees, costs and

other applicable relief.

48.    Throughout the period applicable to this cause of action, Defendant

required Plaintiff to work during meal periods mandated by the applicable orders

of the Industrial Welfare Commission.  Therefore Plaintiff is entitled to be paid as

stated in Labor Code § 226.7, plus interest, attorneys' fees, costs, and other

applicable relief.

49.    On information and belief, Plaintiff alleges he did not voluntarily or

willfully waive rest and/ or meal periods and was regularly required to work

through rest and meal periods.  Defendant failed to meet the requirements for

lawful on-duty rest and/or meal periods and/or instituted a course of conduct that

created a working environment in which non-exempt employees were incapable of

taking rest and/or meal periods.  As such, non-exempt employees were

intimidated or coerced into waiving rest and/or meal periods, and any written

LARGAESPARDA v. DOCTOR ON DEMAND, INC. - COMPLAINT

waivers were obtained without full disclosure and are thus involuntary and without consent.

50.     Plaintiff alleges Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### Wage Statements Violations
### (Labor Code §226(a))

51.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

52.     Section 226(a) of the California Labor Code requires Defendant to itemize all wage statements deductions from payment of wages and to accurately report total hours worked by Plaintiff.  Defendant have knowingly and intentionally failed to comply with Labor Code section 226(a) on each and every wage statement provided to Plaintiff.

53.     California Labor Code § 226(a) sets forth reporting requirements for employers when they pay wages: Every employer shall at the time of each payment of wages, furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units worked or earned, (4) all deductions, (5) net wages earned, (6) the inclusive dates for the period paid, (7) partial social security number, (8) the name and address of the legal entity that is the employer, and (9)

LARGAESPARDA v. DOCTOR ON DEMAND, INC. - COMPLAINT

all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

54.     As a consequence of Defendant knowing and intentional failure to comply with Labor Code section 226(a), Plaintiff is entitled to actual damages or penalties not to exceed $4,000.00 pursuant to Labor Code section 226(b), together with interest thereon and attorneys' fees and costs.

55.     Plaintiff alleges Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## EIGHTH CAUSE OF ACTION

### Failure to Pay Wages of Terminated or Resigned Employees
### (Labor Code § 201-203)

56.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

57.     As of the filing of the Complaint, Defendant failed to timely pay wages due, and Plaintiff is owed penalties pursuant to Labor Code sections 201, 202, 203.

58.     Defendant failed to pay Plaintiff without abatement, all wages owed to Plaintiff (as defined by applicable California law) within the time required by applicable California law.  Among other things, these employees were never paid any of the overtime compensation referred to in this Complaint, nor were they paid the other unpaid wages referred to in this Complaint.  Defendant's failure to

pay said wages within the required time was willful within the meaning of Labor Code section 203.

59.     Therefore, each of these employees is entitled to one day's wages for each day he or she was not timely paid all said wages due, up to a maximum of thirty days' wages for each employee.  Because none of said employees were ever paid the overtime wages to which they were entitled, and were never paid other unpaid wages referred to in this Complaint, each of said employees is entitled to thirty days' wages.

60.     Plaintiff alleges Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## NINTH CAUSE OF ACTION

### Unfair Business Practices
### (Bus. & Prof. Code, §§ 17200-17208)

61.     Plaintiff re-alleges and incorporates by this reference each of the foregoing paragraphs as if fully set forth herein.

62.     Defendant's policy and practices alleged herein resulted in the Defendant's failure to pay for all working hours, failure to pay overtime, failure to pay under the terms of the employment agreement, and as mandated by law. Defendant have violated IWC Wage Orders and California Labor Code by engaging in the violations alleged herein, which may be discovered in the course

16

of litigation, and which constitute unlawful activity prohibited by Business and Professions Code section 17200 *et seq.*

63.     The actions of Defendant in failing to pay Plaintiff in a lawful manner constitutes false, unfair, fraudulent and deceptive business practices, within the meaning of Business and Professions Code, sections 17200, *et. seq.*

64.     Plaintiff is entitled to an injunction, specific performance under Business and Professions Code, section 17202, and/or other equitable relief against such unlawful practices in order to prevent future loss, for which there is no adequate remedy at law.  Plaintiff brings this cause individually subject to Defendant's unlawful acts and practices.

65.     As a result of Defendant's unlawful acts, Defendant have reaped and continue to reap unfair benefits at the expense of Plaintiff.  Defendant should be enjoined from this activity, caused to specifically perform their obligations, and made to disgorge these ill-gotten gains, and restore to Plaintiff of the public wrongfully withheld wages and/or other moneys pursuant to Business and Professions Code, sections 17200 *et seq.*  Plaintiff is informed and believes, and on that basis alleges, that Defendant is unjustly enriched through their failure to provide wages and overtime wages to Plaintiff.

66.     Plaintiff is informed and believes, and on that basis alleges, that Plaintiff was prejudiced by Defendant's unfair trade practices.

67.     As a direct and proximate result of the unfair business practices of Defendant, and each of them, Plaintiff is entitled to equitable and injunctive relief, including full restitution, specific performance, and/or disgorgement of all wages which have been unlawfully withheld from Plaintiff as a result of the business acts and practices herein, and enjoining of Defendant to cease and desist from engaging in the practices described herein.

68.     The illegal conduct alleged herein is continuing and there is no indication that Defendant will discontinue such activity in the future. Plaintiff alleges that if Defendant is not enjoined from the conduct set forth in this Complaint, Defendant will continue to fail to pay wages owed.

69.     Plaintiff further requests that the court issue a preliminary and permanent injunction prohibiting Defendant from continuing to fail to pay all wages owed.

70.     Plaintiff alleges Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## **TENTH CAUSE OF ACTION**

### **Injunction**

71.     Plaintiff incorporates all previous paragraphs of this complaint as though fully set forth herein.

72.     Plaintiff seeks injunctive relief to prohibit the continuing unlawful

acts alleged herein.

73.    Defendant's practices caused Plaintiff to suffer damages, and continue to cause wage and hour damages, fees and costs to members of the proposed class who currently still work for Defendant.

74.    Plaintiff seeks to enjoin Defendant from continuing their ongoing wage and hour violations at Defendant's and Defendant's client's places of business.

75.    Plaintiff does not have a plain, speedy, and adequate remedy in the ordinary course of law, other than the requested injunctive relief.

## IV.

### **PRAYER FOR RELIEF**

Plaintiff prays as follows:

1.  That the Court determine that the failure of the Defendant to pay compensation to the Plaintiff be adjudged and decreed to violate the applicable IWC Wage Orders, regulations and statutes;

2.  That the Defendant be ordered to pay and judgment be entered for wages for Plaintiff according to proof;

3.  That the Defendant be ordered to pay and judgment be entered for overtime wages, to Plaintiff according to proof;

4.  That the Defendant be ordered to pay and judgment be entered for liquidated damages under Labor Code section 1194.2 to Plaintiff according to proof:

5.  That the Defendant be ordered to pay and judgment be entered for Labor Code section 226 penalties to Plaintiff according to proof;

LARGAESPARDA v. DOCTOR ON DEMAND, INC. - COMPLAINT

6.  That the Defendant be ordered to pay and judgment be entered for Labor Code section 226(f) penalties to Plaintiff according to proof;

7.  That the Defendant be ordered to pay and judgment be entered for Labor Code section 203 penalties to Plaintiff according to proof;

8.  That the Defendant be found to have engaged in unfair competition in violation of Business and Professions Code, section 17200;

9.  That the Defendant be ordered and enjoined to pay restitution to Plaintiff due to the Defendant's unlawful and unfair competition, including disgorgement of their wrongfully obtained profits, wrongfully withheld wages according to proof, and interest thereon pursuant to Business and Professions Code, sections 17203 and 17204;

10. That Defendant be enjoined from further acts of unfair competition and specifically from failing to pay compensation to Plaintiff;

11. That Plaintiff be awarded Attorneys' fees and costs pursuant to statute, including but not limited to Labor Code, section 1194 and Code of Civil Procedure, section 1021.5;

12. Otherwise determine the appropriate remedy to compensate Plaintiff, as required to promote fairness and justice, including but not limited to establishing procedures for compensation, compensation amounts and fluid recovery if appropriate;

13. Prejudgment Interest; and

14. Any other relief this court deems proper.

**DATED:** March 25, 2020                   **HAMNER LAW OFFICES, APLC**

/s/ Christopher Hamner
By:  Christopher J. Hamner, Esq.
Attorneys for Plaintiff Noel Largaesparda
and the proposed class

LARGAESPARDA v. DOCTOR ON DEMAND, INC. - COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE